[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15352
Non-Argument Calendar
_____

D.C. Docket No. 4:15-cv-00016-RH-CAS


GLENDA WILSON,

Plaintiff-Appellant,

versus

DALE ERNHARDT JR. CHEVROLET,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(October 25, 2016)

Before HULL, MARCUS and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Glenda Wilson appeals from the summary judgment in favor of her employer, Dale Ernhardt Jr. Chevrolet. Wilson complained that Ernhardt Chevrolet refused to promote her to guest service manager because she was black and older than the three women hired for the position, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634, and the Florida Civil Rights Act, Fla. Stat. §§ 760.01–760.11. We affirm.

We review a summary judgment *de novo* and view the evidence in the light most favorable to the nonmoving party. *Trask v. Sec'y, Dep't of Veterans Affairs*, 822 F.3d 1179, 1184 n.1 (11th Cir. 2016). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Wilson failed to establish a *prima facie* case of discrimination based on race or age. Because Ernhardt Chevrolet promoted its employees without a formal application process, Wilson had to establish that "she refrained from applying due to a justifiable belief that [her] employer's discriminatory practices made application a futile gesture." *EEOC v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1274 (11th Cir. 2002). Wilson declined the position when it was offered to her. After Wilson filed charges of discrimination with the Florida Commission on Human Relations and the Equal Employment Opportunity Commission, the

2

general manager of the dealership, Mike Futrell, twice asked Wilson if she wanted to be the service manager. On the second occasion, Wilson responded that she was disinterested in the position, so the dealership promoted Chelsea Hyers, a 22-year-old white female. Later, Wilson did not express any interest in being the service manager before the dealership promoted Jennifer Burzynski, a 28-year-old white female, or Nadege Emile, a 26-year-old black female. Wilson argues that it would have been futile to apply for the position because Tracy Thacker, an operations manager, told Wilson that she would have to accept a reduction in her wages. *See id.* But Futrell testified that he clarified with Wilson that he, not Thacker, set the pay and that she would earn the same amount as any other service manager. And Wilson admittedly never investigated what other service managers were paid to determine whether she would receive less money if she was promoted. Wilson failed to establish that she was deterred from applying from the position because of a discriminatory practice by the dealership.

We **AFFIRM** the summary judgment in favor of Ernhardt Chevrolet.